|     |     |
| --- | --- |
| UNITED STATES OF AMERICA, and the STATES OF ARKANSAS, CALIFORNIA, COLORADO, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, ex rel. LOYD F. SCHMUCKLEY, JR., <br><br>Plaintiffs, <br><br>v. <br><br>KMART CORPORATION, <br><br>Defendant. | No.  2:15-cv-02307-KJM-EFB <br><br> ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On February 20, 2018, the United States gave notice that it had decided to partially intervene in this qui tam action under the False Claims Act (FCA). ECF No. 29. That day, the State of California also gave notice that it had decided to partially intervene in this action. ECF No. 30. The United States, the State of California and the relator intend to file a joint stipulation of dismissal consistent with their settlement agreement. ECF No. 29 at 1; *see* ECF No. 30 at 2.

1

The United States requests that the relator's complaint and the United States' notice of partial intervention be unsealed, but that other previously filed documents remain under seal. ECF No. 29 at 2. These documents include, for example, the United States and plaintiff States' requests for extensions of time to decide whether to intervene, and the declarations and other materials submitted in support of those requests. The State of California's notice did not address whether any document filed in this action should remain under seal. *See* ECF No. 30.

The FCA provides that a qui tam action must be filed under seal while the United States decides whether to intervene, *see* 31 U.S.C. § 3730(b)(2), but it clearly contemplates that after the United States makes a decision, the seal will be lifted, *see id.* § 3730(b)(3); *U.S. ex rel. Lee v. Horizon W., Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006); *see also* Cal. Gov't Code § 12652(c)(6)(A) (providing "the seal shall be lifted" when the California Attorney General notifies the court it intends to proceed with the action). Generally, the seal will be lifted entirely "*unless* the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *Horizon W., Inc.*, 2006 WL 305966, at *2 (citations omitted). "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.*; *see also United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). The FCA "evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds." *U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). Rather, it "invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.* Ultimately, the court's decision must account for the fundamental principle that court records are generally open to the public. *See U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

Here, the United States' request to maintain the seal rests on its argument that previous filings were "provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." ECF No. 29 at 2. This explanation does not assure the court that a seal is necessary to maintain the

confidentiality of investigative methods or techniques, to protect ongoing investigations, to protect others who are not a part of this litigation, or for another reason. The court therefore orders as follows:

    (1) The complaint, ECF No. 1, the United States' notice of intervention, ECF No. 29, the State of California's notice of intervention, ECF No. 30, and this order are UNSEALED;

    (2) All other previous filings remain under TEMPORARY SEAL pending further order of this court; and

    (3) Within fourteen (14) days of this order, any party may SHOW CAUSE, if any, as to why the balance of the documents in this action should not be unsealed.

IT IS SO ORDERED.

DATED: March 7, 2018.

_____
UNITED STATES DISTRICT JUDGE